HER GET, Judge
(dissenting).
This is a workmen’s compensation case. Defendants, Equitable Equipment Company, Inc. and its insurer Aetna Casualty and Surety Company, appealed, suspensively, to this Court from a judgment of the District Court rendered against them, jointly and in solido, for oral reasons assigned, in favor of plaintiff, Tony Pinion, decreeing said Defendants to pay weekly compensation benefits at the rate of $35 per week from August 28, 1961 for a period of 400 weeks and fixing the fees of the medical expert witnesses and taxing same as costs.
Plaintiff was employed by defendant Equitable Equipment Company as a pipe helper and welding tacker. On August 28, 1961 while engaged in the performance of his duties in the hull of a steel barge being built by Defendant he attempted to step over a pump motor, lost his footing and slipped and as he reached back to catch a beam behind him, he stated, “ * * * I heard my back pop and it hurt me at the instant * * * Plaintiff reported the accident to a fellow employee and the following day made a report to the foreman who sent him to Dr. Jacob H. Kety, a general practitioner, because his back was still bothering him. Dr. Kety testified he had been doing “industrial medicine” for approximately twelve years. Upon his initial examination of Plaintiff, Dr. Kety found muscle spasms in the right lumbar sacral area with no neurological findings. He diagnosed Mr. Pinion’s injury as “a lumbar sacral strain”, prescribed heat treatment and obtained a back brace for him. Plaintiff continued to work for Defendant but his pain persisted. Because of the continuance of pain, Dr. Kety referred Plaintiff to Dr. Rufus H. Alldredge.
Dr. Alldredge, in giving his testimony, qualified as an orthopedic surgeon. He examined Plaintiff on September 20, 1961. His opinion was, “ * * * I am unable to absolutely make a specific diagnosis at this time, but I do not believe that he has any bone or joint condition and suspect that he *457 has strained or partially ruptured some muscle fibers in the right rectus muscles and that his condition is not serious. I would recommend that he continue the use of the local heat on the back and continue working, doing anything that he can do, with the hope that he will recover with more time. I do not see that he needs anything else at this time.” X-rays taken of the upper lumbar and lumbosacral spine revealed no evidence of injury or disease. Dr. Alldredge again saw Plaintiff on February 5, 1962 and completely re-examined him. According to his testimony Plaintiff had the identical complaints previously enumerated, “ * * * pain in the right lumbar region, but in addition to that, today he is complaining of pain extending down into the left leg nearly to the ankle. * * * The doctor expressed the opinion Plaintiff was truly suffering pain and that he was not a malingerer. Dr. Alldredge saw Plaintiff on June 4, 1962 and again was unable to find any objective evidence of a disabling condition but reiterated Plaintiff’s continued complaint of pain persisting in the same area. He was of the opinion, however, that no further hospitalization or special examination of Plaintiff was required. Previous to his examination on June 4, 1962, Plaintiff had been examined on April 6, 1962 by Dr. Richard M. Levy, a duly qualified neurosurgeon. Dr. All-dredge had the benefit of Dr. Levy’s report while making this examination. It was revealed by the report Dr. Levy found no neurological disability.
Plaintiff was seen by Dr. Edward T. Haslam. It was stipulated that Dr. Haslam was a duly licensed physician and surgeon specializing in the field of orthopedic surgery. It was Dr. Haslam’s opinion Plaintiff had a lumbosacral sprain and that he was suffering from that sprain at the time of his examination on November S, 1962. He found Plaintiff’s right leg measured 35$4 inches in length and his left leg measured 36j4 inches, which, in his opinion, would cause Plaintiff to require a longer time to recover from a low back sprain. On cross examination, Dr. Alldredge was-of the opinion, though he had not noted the difference in the length of Plaintiff’s legs, this condition might well prolong or aggravate a back strain.
Plaintiff produced his own testimony wherein he related the persistence of pain. He likewise produced the evidence of his wife and another lay witness as to his complaints of pain.
Despite the fact Plaintiff continued to work for the Defendant employer for several months subsequent to the accident and is presently working for another employer, doing survey work, he consistently maintains such work is being done under sufferance of pain but that he has to work in order to provide a living for his family.
All the doctors who examined Plaintiff were of the opinion Plaintiff was not a malingerer feigning disabling pain. Admittedly, as noted in the opinion of the majority, the doctors revealed they were unable to find any obj ective evidence which would cause Plaintiff disability from this accident, but, nevertheless, they would not say in fact he was not incapacitated and suffering pain from the injury he received in the performance of his duties on August 28, 1961. In actuality, the issue presented resolves itself into a conclusion of the credibility of Plaintiff, the determination of which I prefer to adhere to, as I have done in the past, the Trial Judge’s opinion. He had the advantage of observing the outward bearing of the witness and of hearing his testimony and he is in a better position to evaluate the truthfulness and sincerity of the individual testifying before him under oath than the Appellate Judge is, having only the typewritten record to read upon which he must resolve the issue. Consequently, I am of the opinion, though the question must be evaluated and decided by the Appellate Judge, the Trial Judge’s finding of fact and conclusion predicated on the credibility of the witness should not be disturbed and great reliance should be placed thereon unless the record conclusively reveals error on his part.
*458 Inasmuch as I am of the opinion Plaintiff has proved his case and is disabled within the meaning of the Workmen's Compensation Act, he is entitled to judgment. Veillion v. Knapp & East, La.App., 158 So.2d 336.
For these reasons I respectfully dissent.